IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARRELL ABSTON                                                              PLAINTIFF

V.                                      NO. 5:05CV00057 JLH/JWC

JACK LOCK                                                                   DEFENDANT

<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

## I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On July 17, 2006, Defendant Lock filed a motion for summary judgment and brief in support (docket entries #85, #86) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that he has failed to establish a valid constitutional claim of deliberate medical indifference to his medical needs.  By order entered July 18, 2006 (docket entry #88), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant Lock's motion for summary judgment and was directed to file same on or before August 7, 2006.  Since Defendant Lock had also filed a statement of undisputed material facts (docket entry #87) pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also directed to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial, if he disagreed with Defendant Lock's statement.

On August 14, 2006, Plaintiff submitted a change of address, indicating that he was no longer incarcerated (docket entry #91).  When a plaintiff proceeding in forma pauperis is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether the plaintiff should be required to pay all, or a portion of, the remaining

fees and costs of the lawsuit.  Therefore, by order entered August 15, 2006 (docket entry #92), Plaintiff was directed to resubmit his request to proceed in forma pauperis on or before August 30, 2006, if he wished to proceed with this lawsuit.  In addition, Plaintiff was reminded of his responsibility to comply with Rule 5.5(c)(2), which provides in relevant part that, if any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Plaintiff was clearly advised that his failure to respond timely to the Court's order would result in the recommended dismissal of his case for failure to prosecute and for failure to respond to the Court's order.  Moreover, such dismissal would count as a strike pursuant to 28 U.S.C. § 1915(g).

On August 23, 2006, Plaintiff and separate Defendant Meredith filed a joint motion to dismiss Plaintiff's complaint against Defendant Meredith due to a settlement that had been reached between these two parties (docket entry #94).  The parties requested dismissal with prejudice.  The Court found that no reason existed to deny this request; therefore, by order entered August 30, 2006 (docket entry #97), the joint motion to dismiss was granted and judgment was entered on that claim as provided for in Fed. R. Civ. P. 54(b) (docket entry #98).

On August 31, 2006, Defendant Lock filed a motion to dismiss Plaintiff's remaining case on the grounds that Plaintiff had failed to comply with the Court's previous orders to respond to the pending summary judgment motion and to resubmit his request to proceed in forma pauperis (docket entry #100).  In consideration of Defendant Lock's pending dispositive motions (docket entries #85, #100), as well as Plaintiff's failure to resubmit his request to proceed in forma pauperis, the evidentiary hearing set for September 8, 2006, was cancelled by order entered August 31, 2006 (docket entry #101).

None of the Court's orders have been returned and no responsive filings have been received from Plaintiff, despite the Clerk's certifications that copies of the orders were mailed to him personally the same days as entered at his last given address.  Plaintiff has failed to respond to the motion for summary judgment, he has failed to resubmit his request to proceed in forma pauperis, and he has failed to respond to the motion to dismiss.  The Court can only conclude, given his settlement with Defendant Meredith, that Plaintiff has no intention of pursuing this matter further.  Defendant Lock's motion to dismiss should therefore be granted and Plaintiff's case dismissed with prejudice due to his failure to prosecute the action diligently and his repeated failures to respond to the Court's orders. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant Lock's motion to dismiss (docket entry #100) should be GRANTED, thereby DISMISSING Plaintiff's case IN ITS ENTIRETY.

2.      Any PENDING MOTIONS should be DENIED AS MOOT.

3.      This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C.

§ 1915(g).[1]

DATED this 12th day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.